IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Randall Todd Smith, | ) | Case No. 0:25-cv-00708-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| M. V. Joseph, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 9.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

Petitioner's pro se Complaint was entered on the docket on February 7, 2025. [Doc. 1.] On February 13, 2025, the Magistrate Judge issued an Order directing Petitioner to file the documents necessary to bring the case into proper form for the issuance and service of process. [Doc. 5.] Petitioner was informed that his failure to comply with the Order within the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure. [*Id*.] Petitioner did not respond to the Order within the time prescribed, and on March 19, 2025, the Magistrate Judge issued a Report recommending that the matter be summarily dismissed for failure to prosecute and failure to comply with the February 13, 2025, Order. [Doc. 9.] The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the

serious consequences if he failed to do so.  [*Id*. at 3.]  Petitioner filed objections on March 31, 2025.  [Doc. 11.]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

In his objections, Petitioner states that he has paid the required $5.00 filing fee. [Doc. 11.]  The Court has no record that Petitioner has paid the filing fee in this case; however, out of an abundance of caution, the Court will allow Petitioner one additional opportunity to pay the filing fee.   Accordingly, the Court vacates the Report and Recommendation of the Magistrate Judge and directs Petitioner to submit the required habeas corpus action filing fee of $5.00 no later than 14 days from the date of this Order. Petitioner is reminded to clearly indicate the case number when the paying the fee.  If the filing fee is not paid within 14 days of this Order, the Clerk is directed to dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

April 2, 2025
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules

3 and 4 of the Federal Rules of Appellate Procedure.