IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Randall Todd Smith, ) | Case No. 0:25-cv-00708-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| M. V. Joseph, *Warden*, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Defendant's motion to dismiss, or in the alternative, for summary judgment. [Doc. 25.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On February 7, 2025, the Clerk docketed a petition for writ of habeas corpus filed by a pro se state prisoner pursuant to 28 U.S.C. § 2241. [Doc. 1.] On July 1, 2025, Respondent filed a motion to dismiss, or in the alternative, for summary judgment. [Doc. 25.] On July 21, 2025, the Clerk docketed Petitioner's response opposing the motion. [Doc. 29.] On December 3, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion be granted because Petitioner failed to produce evidence from which a factfinder could reasonably conclude that the Bureau of Prisons incorrectly calculated his sentence. [Doc. 31 at 5–6.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 8.] Neither party filed objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Respondent's motion for summary judgment [Doc. 25] is GRANTED.

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). A certificate of appealability will not issue absent "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

January 5, 2026
Columbia, South Carolina

3